David Warren
7000 San Felipe Court
Citrus Heights, CA 956215
Telephone: (916) 729-1635
Facsimile: (916) 727-0472
E-mail: DavidWarren2@surewest.net

Defendant in Propria Persona

**FILED**

JUN 2 3 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COUR FOR THE

EASTERN DISTRICT OF CALIFORIA

United States of America          )     Civil No. 99-cv-814-DFL-JFM
                                  )
          Plaintiff,              )     **SUPPLEMENTAL OPPOSITION TO**
                                  )     **UNITED STATES' MOTION TO**
          vs.                     )     **COMPEL ANSWERS TO POST**
                                  )     **JUDGMENT INTERROGATORIES AND**
David Warren,                     )     **REQUEST FOR PRODUCTION**
                                  )
          Defendant.              )     DATE:      June 2, 2011
                                  )     TIME:      11:00 a.m.
_____)     PLACE:     Courtroom 1

          Comes now David Warren who submits the following supplement as follows to the United

States' motion to compel answers to post judgment interrogatories and request for production as

direct by the court on June 23, 2011:

## I

## <u>INTRODUCTION</u>

          On June 2, 2011, the court determined that the United State's reply was deemed a motion

to compel further responses.  Nonetheless, the United States is not granted an unfettered right to

ask and then compel answers to inappropriate discovery requests.   The limited purpose of

discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the

judgment may be satisfied and consequently, the United States is permitted to conduct a broad

inquiry to uncover any hidden or concealed assets of the defendant. <u>Caisson Corp. v. County W.</u>

<u>Bldg. Corp</u>. 62 F.R.D. 331, 334, (E.D. Pa. 1974).  However, the discovery must be relevant to that

purpose and the discovery should not be used to harass the defendant.  Although Rule 26(b)(1)

allows discovery which may lead to admissible evidence, the purpose of the discovery herein is

1  limited to one purpose, to identify defendant's assets.

2  The seminal issue to be decided is that this action is a civil collection matter, no different
3  than a breach of contract action. The post judgment discovery should therefore not be allowed to
4  expand beyond that which would be allowed under any other civil collection matter.

5  To assist the court, argument is set forth as to each individual request. There are a number
6  of interrogatories and production requests to which objection was made to avoid a waiver of the
7  stated objection. Defendant submits this pleading without waiver of the privilege individually.
8  Further, defendant will further expand upon the previous evidentiary objection as to individual
9  production requests and interrogatories as a universal objection is not appropriate.

10  ### III

11  ### THE OBJECTIONS TO THE REQUESTS ARE APPROPRIATE

12  Request for Production of Documents

13  Request 1:    Any and all written agreements (contracts or otherwise) that refer, reflect, or
14  relate to your occupancy of the real property located at 7000 San Felipe Court, Citrus Heights, CA
15  95621, including without limitation rental agreements and agreements to pay utilities and/or other
16  expenses related to such property.

17  Response 1:    Without waiving the objection stated in the response, the United States has
18  had this information in their possession since 2000 and it was specifically provided to the United
19  States Attorney in 2007. Defendant, based upon a freedom of information request, was provided
20  the very same documents requested here by the United States. Defendant will again respond to
21  this request if directed by the court while defendant maintains the reservation of the right to assert
22  that there is no universal waiver of the objections.

23  Request 2:    All documents, including but not limited to monthly, quarterly, or other
24  periodic statements, cancelled checks, deposit slips, wire transfers, etc. regarding any domestic or
25  foreign bank or other financial account, regardless of how such account is titled, over which you
26  had signatory authority or other such control at any time during the period from the period in
27  question.

28  Response 2:    Defendant renews the objection pursuant to Amendment 5 to the United

1    States Constitution.  As noted in <u>Andover Data Servs. V. Statistical Tabulating</u>, 876. F.2d 1080,

2    1082 (2d. Cir. 1989), "the privilege against self-incrimination can be invoked in *any* proceeding

3    where the witness 'reasonably believes [that his testimony] could be used in a criminal prosecution

4    or could lead to other evidence that might be so used.' <u>Kastigar v. United States</u>, 406 U.S. 441,

5    444-445, 32 L.Ed.2d 212, 92 S.Ct. 1653 (1972).  In keeping with its desire to safeguard fifth

6    amendment rights, the Supreme Court has explicitly held that a district court cannot compel a

7    witness in a civil action 'to answer deposition questions over a valid assertion of his Fifth

8    Amendment rights.' [citation omitted]."

9          Defendant acknowledges that the right not to answer potentially incriminating questions in

10   a civil or criminal proceeding is not absolute.  The prohibition against compelling the testimony of

11   a witness in any setting is predicated upon there being a real danger that the testimony might be

12   used against the witness in later criminal proceedings.  "As Justice Blackmun noted in his

13   concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment

14   privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a

15   criminal prosecution against the witness." <u>Andover Data</u>, *supra*.

16         As the law on the issue is clear, how it is to be applied to the facts herein is the issue.  The

17   documents requested in no way lend themselves to determining the assets which the defendant

18   currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate

19   the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

20         The implication of the request is singular, defendant is confronted with a substantial and

21   real hazard of incrimination.  The request leads to but one conclusion, that the defendant's records

22   will be used for the purpose of further non-civil proceedings.  <u>Kastinger</u>, *supra*.  The United States

23   could but will not offer either use or transactional immunity to the defendant.  There are State

24   statutes which regulate personal conduct as not being criminal which the United States Code does

25   not abide, which the records requested would disclose.  Defendant has not received either

26   transactional or use immunity from all State agencies as to matters contained in the records

27   requested, nor has the United States made such a request.  Finally, the very same information

28   implicates issues involving State statutes for which there are penal sanctions and the defendant

1    should not be compelled to place himself in the conundrum of fearing disclosure of the
2    information provided.

3         The defendant is not required to detail the basis for the objection because to do so would be
4    to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not
5    imaginary. The claim of privilege should therefore be sustained.

6         Request 3: Copies of all credit, debit and/or ATM card statements of account, wherever
7    located and regardless of whose name appears on the account(s), from the period in question, for
8    such card(s) which you use or which you have signatory authority or other such control.

9         Response 3: The information sought here is no different than that made in Request 2.
10   Defendant renews the objection pursuant to Amendment 5 to the United States Constitution. As
11   noted in Andover Data Servs. V. Statistical Tabulating, 876. F.2d 1080, 1082 (2d. Cir. 1989), "the
12   privilege against self-incrimination can be invoked in *any* proceeding where the witness
13   'reasonably believes [that his testimony] could be used in a criminal prosecution or could lead to
14   other evidence that might be so used.' Kastigar v. United States, 406 U.S. 441, 444-445, 32
15   L.Ed.2d 212, 92 S.Ct. 1653 (1972). In keeping with its desire to safeguard fifth amendment rights,
16   the Supreme Court has explicitly held that a district court cannot compel a witness in a civil action
17   'to answer deposition questions over a valid assertion of his Fifth Amendment rights.' [citation
18   omitted]."

19        Defendant acknowledges that the right not to answer potentially incriminating questions in
20   a civil or criminal proceeding is not absolute. The prohibition against compelling the testimony of
21   a witness in any setting is predicated upon there being a real danger that the testimony might be
22   used against the witness in later criminal proceedings. "As Justice Blackmun noted in his
23   concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment
24   privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a
25   criminal prosecution against the witness." Andover Data, *supra*.

26        As the law on the issue is clear, how it is to be applied to the facts herein is the issue. The
27   documents requested in no way lend themselves to determining the assets which the defendant
28   currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate

SUPPLEMENT TO OPPOSITION TO MOTION TO COMPEL

1    the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

2    The implication of the request is singular, defendant is confronted with a substantial and
3    real hazard of incrimination. The request leads to but one conclusion, that the defendant's records
4    will be used for the purpose of further non-civil proceedings. Kastinger, *supra*. The United States
5    could but will not offer either use or transactional immunity to the defendant. There are State
6    statutes which regulate personal conduct as not being criminal which the United States Code does
7    not abide, which the records requested would disclose. Defendant has not received either
8    transactional or use immunity from all State agencies as to matters contained in the records
9    requested, nor has the United States made such a request. Finally, the very same information
10   implicates issues involving State statutes for which there are penal sanctions and the defendant
11   should not be compelled to place himself in the conundrum of fearing disclosure of the
12   information provided.

13   The defendant is not required to detail the basis for the objection because to do so would be
14   to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not
15   imaginary. The claim of privilege should therefore be sustained.

16   Request 4: Copies of all receipts, statements, deposit slips, wire transfer memoranda, debit
17   slips, electronic mail messages, and other such documents reflecting any funds, stock and, or
18   property having a value in excess of $500.00 transferred by: (a) you (individually or in any
19   capacity); and (b) your spouse (individually or in any capacity) during the period in question.

20   Response 4: The information sought here is no different than that made in Request 2 and
21   3. Defendant renews the objection pursuant to Amendment 5 to the United States Constitution.
22   As noted in Andover Data Servs. V. Statistical Tabulating, 876. F.2d 1080, 1082 (2d. Cir. 1989),
23   "the privilege against self-incrimination can be invoked in *any* proceeding where the witness
24   'reasonably believes [that his testimony] could be used in a criminal prosecution or could lead to
25   other evidence that might be so used.' Kastigar v. United States, 406 U.S. 441, 444-445, 32
26   L.Ed.2d 212, 92 S.Ct. 1653 (1972). In keeping with its desire to safeguard fifth amendment rights,
27   the Supreme Court has explicitly held that a district court cannot compel a witness in a civil action
28   'to answer deposition questions over a valid assertion of his Fifth Amendment rights.' [citation

omitted]."

Defendant acknowledges that the right not to answer potentially incriminating questions in a civil or criminal proceeding is not absolute. The prohibition against compelling the testimony of a witness in any setting is predicated upon there being a real danger that the testimony might be used against the witness in later criminal proceedings. "As Justice Blackmun noted ·in his concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness." <u>Andover Data</u>, *supra*.

As the law on the issue is clear, how it is to be applied to the facts herein is the issue. The documents requested in no way lend themselves to determining the assets which the defendant currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

The implication of the request is singular, defendant is confronted with a substantial and real hazard of incrimination. The request leads to but one conclusion, that the defendant's records will be used for the purpose of further non-civil proceedings. <u>Kastinger</u>, *supra*. The United States could but will not offer either use or transactional immunity to the defendant. There are State statutes which regulate personal conduct as not being criminal which the United States Code does not abide, which the records requested would disclose. Defendant has not received either transactional or use immunity from all State agencies as to matters contained in the records requested, nor has the United States made such a request. Finally, the very same information implicates issues involving State statutes for which there are penal sanctions and the defendant should not be compelled to place himself in the conundrum of fearing disclosure of the information provided.

The defendant is not required to detail the basis for the objection because to do so would be to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not imaginary. The claim of privilege should therefore be sustained.

Request 5: Copies of all correspondence, notes, memoranda, written by you or received by you regarding any account(s) identified in response to Document Request Nos. 1 through 4 above.

1        Response 5: See responses to Document Request Nos. 1 through 4 above.

2        Request 6: Copies of all documents, including correspondence between you and your

3 financial advisor(s) regarding any stocks, mutual funds, financial investments, etc., and/or transfers

4 of funds during the period in question.

5        Response 6: The information sought here is no different than that made in Request 2, 3

6 and 4. Defendant renews the objection pursuant to Amendment 5 to the United States

7 Constitution. As noted in <u>Andover Data Servs. V. Statistical Tabulating</u>, 876. F.2d 1080, 1082

8 (2d. Cir. 1989), "the privilege against self-incrimination can be invoked in *any* proceeding where

9 the witness 'reasonably believes [that his testimony] could be used in a criminal prosecution or

10 could lead to other evidence that might be so used.' <u>Kastigar v. United States</u>, 406 U.S. 441, 444-

11 445, 32 L.Ed.2d 212, 92 S.Ct. 1653 (1972). In keeping with its desire to safeguard fifth

12 amendment rights, the Supreme Court has explicitly held that a district court cannot compel a

13 witness in a civil action 'to answer deposition questions over a valid assertion of his Fifth

14 Amendment rights.' [citation omitted]."

15        Defendant acknowledges that the right not to answer potentially incriminating questions in

16 a civil or criminal proceeding is not absolute. The prohibition against compelling the testimony of

17 a witness in any setting is predicated upon there being a real danger that the testimony might be

18 used against the witness in later criminal proceedings. "As Justice Blackmun noted in his

19 concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment

20 privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a

21 criminal prosecution against the witness." <u>Andover Data</u>, *supra*.

22        As the law on the issue is clear, how it is to be applied to the facts herein is the issue. The

23 documents requested in no way lend themselves to determining the assets which the defendant

24 currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate

25 the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

26        The implication of the request is singular, defendant is confronted with a substantial and

27 real hazard of incrimination. The request leads to but one conclusion, that the defendant's records

28 will be used for the purpose of further non-civil proceedings. <u>Kastinger</u>, *supra*. The United States

1    could but will not offer either use or transactional immunity to the defendant. There are State
2    statutes which regulate personal conduct as not being criminal which the United States Code does
3    not abide, which the records requested would disclose. Defendant has not received either
4    transactional or use immunity from all State agencies as to matters contained in the records
5    requested, nor has the United States made such a request. Finally, the very same information
6    implicates issues involving State statutes for which there are penal sanctions and the defendant
7    should not be compelled to place himself in the conundrum of fearing disclosure of the
8    information provided.

9    The defendant is not required to detail the basis for the objection because to do so would be
10   to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not
11   imaginary. The claim of privilege should therefore be sustained.

12   Request 7: Copies of all documents signed by you establishing, modifying, amending or
13   pertaining to any domestic and/or foreign trust in which you are a settlor, trustee, trust protector,
14   and/or beneficiary during the period in question.

15   Response 7: Without waiving the objection stated in the response, the United States has
16   had this information in their possession since 2000 and it was specifically provided to the United
17   States Attorney in 2007. Defendant, based upon a freedom of information request, was provided
18   the very same documents requested here by the United States. Defendant will again respond to
19   this request if directed by the court if there is no waiver of the objection as to the others is
20   indicated with a reservation of the right to assert that there is no universal waiver of the objections.

21   Request 8: Copies of any documents reflecting that you have an interest in a family limited
22   partnership.

23   Response 8: Without waiving the objection stated in the response, the United States has
24   had this information in their possession since 2000 and it was specifically provided to the United
25   States Attorney in 2007. Defendant, based upon a freedom of information request, was provided
26   the very same documents requested here by the United States. Defendant will again respond to
27   this request if directed by the court if there is no waiver of the objection as to the others is
28   indicated with a reservation of the right to assert that there is no universal waiver of the objections.

SUPPLEMENT TO OPPOSITION TO MOTION TO COMPEL

1   Request 9:  Copies of all documents, including but not limited to, correspondence, wire
2   transfers, memoranda, notes, statements from brokerage, bank or other financial accounts, etc.,
3   regarding the purchase, transfer and sale of precious metals, including gold, during the period in
4   question.

5   Response 9:  Without waiving the objection stated in the response, the United States has
6   had this information in their possession since 2000 and it was specifically provided to the United
7   States Attorney in 2007.  Defendant, based upon a freedom of information request, was provided
8   the very same documents requested here by the United States.  Defendant will again respond to
9   this request if directed by the court if there is no waiver of the objection as to the others is
10  indicated with a reservation of the right to assert that there is no universal waiver of the objections.

11  Request 10:  Copies of all journals, books, receipts, and other such documents reflecting,
12  stating, identifying, and/or describing:

13      a.   assets located in the United States which you possess or control directly or through
14  other persons, entities, or nominees; and

15      b.   assets located outside the United States which you possess or control directly or
16  through other persons, entities, or nominees.

17  Response 10:  Without waiving the objection stated in the response, the United States has
18  had this information in their possession since 2000 and it was specifically provided to the United
19  States Attorney in 2007.  Defendant, based upon a freedom of information request, was provided
20  the very same documents requested here by the United States.  Defendant will again respond to
21  this request if directed by the court if there is no waiver of the objection as to the others is
22  indicated with a reservation of the right to assert that there is no universal waiver of the objections.

23  Request 11:  Copies of all letters, notes, memoranda, and other such documents sent or
24  written by you to any attorney (including foreign attorneys) regarding the disposition, transfer,
25  purchase, or sale of any asset owned by you or held on your behalf during the period in question.

26  Response 11:  The requested documents are privileged pursuant to the attorney-client
27  privilege as well as the privilege provided by Amendment 5 to the Constitution.

28  Request 12:  Copies of all documents which constitute those identified or referred to in the

-9-

1 | United States' Interrogatories addressed to you and served simultaneously with this Request for
2 | Production of Documents or in the response to those Interrogatories.

3 | Response 12: See review responses to United States Interrogatories.

4 | Request 13: Copies of all stock certificates in which you and/or your spouse have or had
5 | an interest from during the period in question.

6 | Response 13: Without waiving the objection stated in the response, the United States has
7 | had this information in their possession since 2000 and it was specifically provided to the United
8 | States Attorney in 2007. Defendant, based upon a freedom of information request, was provided
9 | the very same documents requested here by the United States. Defendant will again respond to
10 | this request if directed by the court if there is no waiver of the objection as to the others is
11 | indicated with a reservation of the right to assert that there is no universal waiver of the objections.

12 | Request 14: Copies of your federal and state income tax returns for the period in question.

13 | Not only does the privilege asserted apply, but this court should refuse to compel the
14 | production of the returns. Public policy disfavors disclosure of tax returns, although there are
15 | exceptions. Premium Serv. Corp. v. Hutchinson, 511 F.2d 225, 229 (9th Cir. 1975). The public
16 | policy is based upon the fact that the federal returns are confidential communications between the
17 | taxpayer and the government, 26 U.S.C. §6103 as pointed out in Payne v. Howard 75 F.R.D. 465,
18 | 469-470 (D.D.C. 1977) and King v. Mobile Home Rent Review Bd. (1990) 216 Cal.App.3d 1532,
19 | 1538, 265 Cal.Rptr. 624 providing confidentiality of California returns. The returns are not
20 | relevant to any claim or defense. The purpose of the confidentiality is to assure the best effort for
21 | the taxpayer to report income.

22 | Tax returns are discoverable when they are relevant to a claim or defense a party has
23 | asserted in the action. Heathman v. United States Dist. Court for Cent. Dist. 503 F.2d 1032 (9th
24 | Cir. 1974). As noted in United States v. Bonanno Organized Crime Family of Cosa Nostra 119
25 | F.R.D. 625, 627-628, if the financial information is otherwise made available, in this case,
26 | defendant's assets, the tax returns are not discoverable. Defendant provided the United States
27 | information describing defendant's assets more than three years ago and is willing to update that
28 | list. For that reason, there is no need to provide the returns in that the United States has not born

1  the burden of establishing both the relevancy and compelling need for the tax returns. <u>Sadofsky v.</u>

2  <u>Fiesta Products, LLC</u>, 252 F.R.D. 143, 149 (E.D.N.Y. 2008). The objection should be sustained.

3      Request 15: Copies of all monthly telephone bills from September 31, 2006 to present.

4      Response 15: Defendant renews the objection pursuant to Amendment 5 to the United

5  States Constitution. Five years of telephone bills do not and cannot in any way disclose

6  defendant's assets. As noted in <u>Andover Data Servs. V. Statistical Tabulating</u>, 876. F.2d 1080,

7  1082 (2d. Cir. 1989), "the privilege against self-incrimination can be invoked in *any* proceeding

8  where the witness 'reasonably believes [that his testimony] could be used in a criminal prosecution

9  or could lead to other evidence that might be so used.' <u>Kastigar v. United States</u>, 406 U.S. 441,

10  444-445, 32 L.Ed.2d 212, 92 S.Ct. 1653 (1972). In keeping with its desire to safeguard fifth

11  amendment rights, the Supreme Court has explicitly held that a district court cannot compel a

12  witness in a civil action 'to answer deposition questions over a valid assertion of his Fifth

13  Amendment rights.' [citation omitted]." The telephone bills can only be used to determine

14  defendant's association with individuals and associations.

15      Defendant acknowledges that the right not to answer potentially incriminating questions in

16  a civil or criminal proceeding is not absolute. The prohibition against compelling the testimony of

17  a witness in any setting is predicated upon there being a real danger that the testimony might be

18  used against the witness in later criminal proceedings. "As Justice Blackmun noted in his

19  concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment

20  privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a

21  criminal prosecution against the witness." <u>Andover Data</u>, *supra*.

22      As the law on the issue is clear, how it is to be applied to the facts herein is the issue. The

23  documents requested in no way lend themselves to determining the assets which the defendant

24  currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate

25  the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

26      The implication of the request is singular, defendant is confronted with a substantial and

27  real hazard of incrimination. The request leads to but one conclusion, that the defendant's records

28  will be used for the purpose of further non-civil proceedings. <u>Kastinger</u>, *supra*. The United States

1  could but will not offer either use or transactional immunity to the defendant. There are State
2  statutes which regulate personal conduct as not being criminal which the United States Code does
3  not abide, which the records requested would disclose. Defendant has not received either
4  transactional or use immunity from all State agencies as to matters contained in the records
5  requested, nor has the United States made such a request. Finally, the very same information
6  implicates issues involving State statutes for which there are penal sanctions and the defendant
7  should not be compelled to place himself in the conundrum of fearing disclosure of the
8  information provided.

9       The defendant is not required to detail the basis for the objection because to do so would be
10  to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not
11  imaginary. The claim of privilege should therefore be sustained.

12       Request 16: Complete copy of your current passport.

13       Response 16: Without waiving the objection stated in the response, the United States has
14  had this information in their possession since 2000 and it was specifically provided to the United
15  States Attorney in 2007. Defendant, based upon a freedom of information request, was provided
16  the very same documents requested here by the United States. Defendant will again respond to
17  this request if directed by the court if there is no waiver of the objection as to the others is
18  indicated with a reservation of the right to assert that there is no universal waiver of the objections.

19       Request 17: Copy of your current will and any codicils.

20       Response 17: Although there was one, it cannot be located. However, by its terms, if it is
21  ever located, any asset if there is any is left to my wife. There is nothing to produce.

22       Request 18: Copies of all financial statements and/or loan applications prepared by you or
23  on your behalf during the period in question.

24       Response 18: Without waiving the objection stated in the response, the United States has
25  had this information in their possession since 2000 and it was specifically provided to the United
26  States Attorney in 2007. Defendant, based upon a freedom of information request, was provided
27  the very same documents requested here by the United States. Defendant will again respond to
28  this request if directed by the court if there is no waiver of the objection as to the others is

SUPPLEMENT TO OPPOSITION TO MOTION TO COMPEL

1  indicated with a reservation of the right to assert that there is no universal waiver of the objections.

2  Request 19: Copies of all deeds, mortgages, leases and notes executed by you and/or that
3  were in effect during the period in question.

4  Response 19: Without waiving the objection stated in the response, the United States has
5  had this information in their possession since 2000 and it was specifically provided to the United
6  States Attorney in 2007. Defendant, based upon a freedom of information request, was provided
7  the very same documents requested here by the United States. Defendant will again respond to
8  this request if directed by the court if there is no waiver of the objection as to the others is
9  indicated with a reservation of the right to assert that there is no universal waiver of the objections.

10  Request 20: Copy of all insurance policies and declarations, including life, auto, umbrella,
11  homeowner's, etc., maintained by you, your spouse, and on your behalf, regardless of whether you
12  are the owner or beneficiary of the policy, in effect during the period in question.

13  Response 20: Without waiving the objection stated in the response, the United States has
14  had this information in their possession since 2000 and it was specifically provided to the United
15  States Attorney in 2007. Defendant, based upon a freedom of information request, was provided
16  the very same documents requested here by the United States. Defendant will again respond to
17  this request if directed by the court if there is no waiver of the objection as to the others is
18  indicated with a reservation of the right to assert that there is no universal waiver of the objections.

19  Request 21. All Forms 1099 sent (or will be sent) to you by anyone for the following years
20  1999 to present.

21  Response 21: Without waiving the objection stated in the response, defendant is not in
22  possession of any form 1099 as they are not maintained.

23  Interrogatories

24  **INTERROGATORY NO. 1**. State the full name, address and telephone number of all
25  your employers or businesses during the period in question, and state the nature of your present
26  occupation.

27  Response to Interrogatory NO. 1: Without waiving the objection stated in the response, the
28  United States has had this information in their possession since 2000 and it was specifically

1    provided to the United States Attorney in 2007. Defendant, based upon a freedom of information
2    request, was provided the very same documents requested here by the United States. Defendant
3    will again respond to this request if directed by the court if there is no waiver of the objection as to
4    the others is indicated with a reservation of the right to assert that there is no universal waiver of
5    the objections.

6    **INTERROGATORY NO. 2.** Identify each person or entity for whom you performed
7    services during the period in question and state the amount you were paid for your services or the
8    amount you are owed for your services.

9    Response to Interrogatory NO. 2: Defendant renews the objection pursuant to Amendment
10   5 to the United States Constitution. The United States demands more than a decade of association
11   with individuals which have no relevance to defendant's present assets or income. As noted in
12   Andover Data Servs. V. Statistical Tabulating, 876. F.2d 1080, 1082 (2d. Cir. 1989), "the privilege
13   against self-incrimination can be invoked in *any* proceeding where the witness 'reasonably
14   believes [that his testimony] could be used in a criminal prosecution or could lead to other
15   evidence that might be so used.' Kastigar v. United States, 406 U.S. 441, 444-445, 32 L.Ed.2d
16   212, 92 S.Ct. 1653 (1972). In keeping with its desire to safeguard fifth amendment rights, the
17   Supreme Court has explicitly held that a district court cannot compel a witness in a civil action 'to
18   answer deposition questions over a valid assertion of his Fifth Amendment rights.' [citation
19   omitted]." The requested information can only be used to determine defendant's association with
20   individuals and associations.

21   Defendant acknowledges that the right not to answer potentially incriminating questions in
22   a civil or criminal proceeding is not absolute. The prohibition against compelling the testimony of
23   a witness in any setting is predicated upon there being a real danger that the testimony might be
24   used against the witness in later criminal proceedings. "As Justice Blackmun noted in his
25   concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment
26   privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a
27   criminal prosecution against the witness." Andover Data, *supra*.

28   As the law on the issue is clear, how it is to be applied to the facts herein is the issue. The

documents requested in no way lend themselves to determining the assets which the defendant currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

The implication of the request is singular, defendant is confronted with a substantial and real hazard of incrimination. The request leads to but one conclusion, that the defendant's records will be used for the purpose of further non-civil proceedings. Kastinger, *supra*. The United States could but will not offer either use or transactional immunity to the defendant. There are State statutes which regulate personal conduct as not being criminal which the United States Code does not abide, which the records requested would disclose. Defendant has not received either transactional or use immunity from all State agencies as to matters contained in the records requested, nor has the United States made such a request. Finally, the very same information implicates issues involving State statutes for which there are penal sanctions and the defendant should not be compelled to place himself in the conundrum of fearing disclosure of the information provided.

The defendant is not required to detail the basis for the objection because to do so would be to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not imaginary. The claim of privilege should therefore be sustained.

**INTERROGATORY NO. 3**. Do you have any interest in a corporation, partnership, or trust? If so, state the name and address of each such corporation, partnership, or trust, and include the names, addresses and telephone numbers of all other shareholders, partners, settlers, trust protectors, trustees, and beneficiaries.

Response Interrogatory NO. 3: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 4**.  Identify by name, address and telephone number each and every domestic and foreign bank and/or financial institution in which you have an account or over which you have signatory authority or other such control, and provide the account number, type of account, and account balance during the period in question.  In addition, identify the record owner or title of the account.

Response to Interrogatory NO. 4:  Defendant renews the objection pursuant to Amendment 5 to the United States Constitution.  The United States demands more than a decade of association with individuals which have no relevance to defendant's present assets or income.  As noted in Andover Data Servs. V. Statistical Tabulating, 876. F.2d 1080, 1082 (2d. Cir. 1989), "the privilege against self-incrimination can be invoked in *any* proceeding where the witness 'reasonably believes [that his testimony] could be used in a criminal prosecution or could lead to other evidence that might be so used.'  Kastigar v. United States, 406 U.S. 441, 444-445, 32 L.Ed.2d 212, 92 S.Ct. 1653 (1972).  In keeping with its desire to safeguard fifth amendment rights, the Supreme Court has explicitly held that a district court cannot compel a witness in a civil action 'to answer deposition questions over a valid assertion of his Fifth Amendment rights.' [citation omitted]."  The information requested can only be used to determine defendant's association with individuals and associations, but not to identify defendant's assets to satisfy the judgment herein.

Defendant acknowledges that the right not to answer potentially incriminating questions in a civil or criminal proceeding is not absolute.  The prohibition against compelling the testimony of a witness in any setting is predicated upon there being a real danger that the testimony might be used against the witness in later criminal proceedings.  "As Justice Blackmun noted in his concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness."  Andover Data, *supra*.

As the law on the issue is clear, how it is to be applied to the facts herein is the issue.  The documents requested in no way lend themselves to determining the assets which the defendant currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

The implication of the request is singular, defendant is confronted with a substantial and real hazard of incrimination. The request leads to but one conclusion, that the defendant's records will be used for the purpose of further non-civil proceedings. <u>Kastinger</u>, *supra*. The United States could but will not offer either use or transactional immunity to the defendant. There are State statutes which regulate personal conduct as not being criminal which the United States Code does not abide, which the records requested would disclose. Defendant has not received either transactional or use immunity from all State agencies as to matters contained in the records requested, nor has the United States made such a request. Finally, the very same information implicates issues involving State statutes for which there are penal sanctions and the defendant should not be compelled to place himself in the conundrum of fearing disclosure of the information provided.

The defendant is not required to detail the basis for the objection because to do so would be to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not imaginary. The claim of privilege should therefore be sustained.

**INTERROGATORY NO. 5**. State whether you rent or have access to a safety deposit box titled in your name or in any other name. If so, state the name and address of the bank or other financial institution at which the safety deposit box is maintained, the name and address of the person under whose name the box is rented, and list and describe in detail the contents of the box as of the date that these interrogatories were served as set forth on the attached certificate of service.

Response Interrogatory NO. 5: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 6**.    Furnish the following financial information with respect

SUPPLEMENT TO OPPOSITION TO MOTION TO COMPEL

to yourself as of the period in question:

|  | Assets | Cost ($) | Fair Market Value ($) |
|---|---|---|---|
| (1) | cash | | |
| (2) | cash surrender value of insurance | | |
| (3) | accounts receivable | | |
| (4) | notes receivable | | |
| (5) | merchandise inventory | | |
| (6) | real estate | | |
| (7) | furniture and fixtures | | |
| (8) | machinery and equipment | | |
| (9) | trucks and delivery equipment | | |
| (10) | automobiles | | |
| (11) | stocks, bonds, or other securities | | |
| (12) | pensions or annuities | | |
| (13) | gold | | |
| (14) | silver | | |
| (15) | jewelry | | |

b. Liabilities       Amount ($)    Fair Market Value ($)

| (1) | loans on insurance | | |
|---|---|---|---|
| (2) | accounts payable | | |
| (3) | notes payable | | |
| (4) | mortgages | | |
| (5) | accrued real estate taxes | | |
| (6) | judgments | | |
| (7) | reserves | | |

Response Interrogatory NO. 6: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information

-18-

request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 7.** Provide the following information relating to insurance policies now in force and owned directly or indirectly by you:

| Policy No. | Company Name | Policy Value | Present Cash Surrender Value | Accumulated Dividends |
|---|---|---|---|---|
| (1) | | | | |
| (2) | | | | |

| | | Automatic Premium | |
|---|---|---|
| Policy Loan | Date Made | Payments Date Made |
| (1) | | |
| (2) | | |

Response Interrogatory NO. 7: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 8.** If any of the policies listed in your answer to the preceding interrogatory are assigned or pledged on indebtedness, except with insurance companies, provide the following information about each policy:

| Policy Number Assigned or Pledged | Name & Address of Pledgee or Assignee | Amount of Indebtedness | Date Pledged or Assigned |
|---|---|---|---|
| (1) | | | |
| (2) | | | |

1    Response Interrogatory NO. 8:  Without waiving the objection stated in the response, the
2    United States has had this information in their possession since 2000 and it was specifically
3    provided to the United States Attorney in 2007.  Defendant, based upon a freedom of information
4    request, was provided the very same documents requested here by the United States.  Defendant
5    will again respond to this request if directed by the court if there is no waiver of the objection as to
6    the others is indicated with a reservation of the right to assert that there is no universal waiver of
7    the objections.

8    **INTERROGATORY NO. 9.**  Do you have any accounts receivable or notes receivable?
9    If so, set forth the name, address and telephone number of the person or entity that is indebted to
10   you, and provide the amount of each account or note receivable.

11   Response Interrogatory NO. 9:  Without waiving the objection stated in the response, the
12   United States has had this information in their possession since 2000 and it was specifically
13   provided to the United States Attorney in 2007.  Defendant, based upon a freedom of information
14   request, was provided the very same documents requested here by the United States.  Defendant
15   will again respond to this request if directed by the court if there is no waiver of the objection as to
16   the others is indicated with a reservation of the right to assert that there is no universal waiver of
17   the objections.

18   **INTERROGATORY NO. 10.**  Do you currently own, claim an interest in, or possess any
19   real property?  If your answer to this interrogatory is in the affirmative, state or identify:

20   (a) the property's address;

21   (b) the type of property (i.e., house, condominium, etc.);

22   (c) the cost of the property at the time purchased;

23   (d) present fair market value of the property;

24   (e) any encumbrances against the property and the balance, if any, of the encumbrance (i.e.,
25   mortgage, etc.);

26   (f) how you titled the property upon its purchase or acquisition;

27   (g) how the property is currently titled.

28   Response Interrogatory NO. 10:  Without waiving the objection stated in the response, the

United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 11**. If you do not own the property where you currently reside, set forth the name, address and telephone number of the person(s) who owns the residence, the amount of your rent, and the frequency with which your rent must be paid.

Response Interrogatory NO. 11: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 12**. Do you own or use any fixtures, furniture, machinery, equipment, trucks or automobiles? If your answer is in the affirmative, please set forth the following information:

| Descriptions | Cost | Liquidation Value | Amount of Indebtedness if pledged | Date Pledged | Owner |
|---|---|---|---|---|---|
| (a) Furniture/fixtures (business) | | | | | |
| (b) furniture (household) | | | | | |
| (c) machinery/equipment (specify) | | | | | |
| (d) Trucks (specify make, model, | | | | | |

1 VIN, year)

2 (e) Automobiles (specify

3    make, model, VIN, year)

4    Response Interrogatory NO. 12: Without waiving the objection stated in the response, the
5 United States has had this information in their possession since 2000 and it was specifically
6 provided to the United States Attorney in 2007. Defendant, based upon a freedom of information
7 request, was provided the very same documents requested here by the United States. Defendant
8 will again respond to this request if directed by the court if there is no waiver of the objection as to
9 the others is indicated with a reservation of the right to assert that there is no universal waiver of
10 the objections.

11    **INTERROGATORY NO. 13**. Set forth the following information regarding all stocks,
12 bonds, or securities (including, but not limited to, any interest in money market or other mutual
13 funds) owned by you or held on your behalf from the period in question (and indicate if you sold
14 or otherwise transferred any stock):

15                                                                        Amount of

16                    Record      Number of           Fair Market      Indebtedness

17 Name of Company Owner  Units    Cost  Value        if pledged

18    (a) if you receive any dividends or interest on any stocks, bonds or securities, set forth the
19 date the dividends or interest is payable, and the amount received in the last year.

20    Response Interrogatory NO. 13: Without waiving the objection stated in the response, the
21 United States has had this information in their possession since 2000 and it was specifically
22 provided to the United States Attorney in 2007. Defendant, based upon a freedom of information
23 request, was provided the very same documents requested here by the United States. Defendant
24 will again respond to this request if directed by the court if there is no waiver of the objection as to
25 the others is indicated with a reservation of the right to assert that there is no universal waiver of
26 the objections.

27 ///

28 ///

**INTERROGATORY NO. 14**.  Identify all sources of income for the following years:

| | | **2005** | **2006** | **2007** | **2008** | **2009** |
|---|---|---|---|---|---|---|
| (a) | salaries, wages, or commissions: | | | | | |
| (b) | dividends: | | | | | |
| (c) | interest: | | | | | |
| (d) | income from business/profession: | | | | | |
| (e) | partnership income: | | | | | |
| (f) | capital gains: | | | | | |
| (g) | annuities and pensions: | | | | | |
| (h) | rents and royalties: | | | | | |
| (i) | income from estates and trusts: | | | | | |
| (j) | disposition of precious metals. | | | | | |

(k)     With respect to each of the items set forth in subsection a through j, state the name, address, and telephone number of the source from which the income was received (and provide account numbers where applicable).

Response to Interrogatory NO. 14:    Defendant renews the objection pursuant to Amendment 5 to the United States Constitution.  If one had to identify specifically evidence that this discovery seeks to place the defendant in jeopardy and why the claim of privilege should be sustained, this interrogatory makes it clear that the United States seeks more than information locate assets to satisfy a civil judgment.    As noted in <u>Andover Data Servs. V. Statistical Tabulating</u>, 876. F.2d 1080, 1082 (2d. Cir. 1989), "the privilege against self-incrimination can be invoked in *any* proceeding where the witness 'reasonably believes [that his testimony] could be used in a criminal prosecution or could lead to other evidence that might be so used.'  <u>Kastigar v. United States</u>, 406 U.S. 441, 444-445, 32 L.Ed.2d 212, 92 S.Ct. 1653 (1972).  In keeping with its desire to safeguard fifth amendment rights, the Supreme Court has explicitly held that a district

1  court cannot compel a witness in a civil action 'to answer deposition questions over a valid
2  assertion of his Fifth Amendment rights.' [citation omitted]."

3  Defendant acknowledges that the right not to answer potentially incriminating questions in
4  a civil or criminal proceeding is not absolute. The prohibition against compelling the testimony of
5  a witness in any setting is predicated upon there being a real danger that the testimony might be
6  used against the witness in later criminal proceedings. "As Justice Blackmun noted in his
7  concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment
8  privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a
9  criminal prosecution against the witness." <u>Andover Data</u>, *supra*.

10  As the law on the issue is clear, how it is to be applied to the facts herein is the issue. The
11  documents requested in no way lend themselves to determining the assets which the defendant
12  currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate
13  the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

14  The implication of the request is singular, defendant is confronted with a substantial and
15  real hazard of incrimination. The request leads to but one conclusion, that the defendant's records
16  will be used for the purpose of further non-civil proceedings. <u>Kastinger</u>, *supra*. The United States
17  could but will not offer either use or transactional immunity to the defendant. There are State
18  statutes which regulate personal conduct as not being criminal which the United States Code does
19  not abide, which the records requested would disclose. Defendant has not received either
20  transactional or use immunity from all State agencies as to matters contained in the records
21  requested, nor has the United States made such a request. Finally, the very same information
22  implicates issues involving State statutes for which there are penal sanctions and the defendant
23  should not be compelled to place himself in the conundrum of fearing disclosure of the
24  information provided.

25  The defendant is not required to detail the basis for the objection because to do so would be
26  to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not
27  imaginary. The claim of privilege should therefore be sustained.

28  **INTERROGATORY NO. 15**. Have you directly or indirectly transferred, conveyed or

-24-

disposed of any cash, assets or other items of value with a cost or fair market value of $1,000.00 or more during the period in question. If your answer to this interrogatory is in the affirmative, provide the following information for each such item:

|  |  | Name, address |  |  |
| --- | --- | --- | --- | --- |
| Description of |  | of transferee | Property or | Date of Fair |
| Market Value | Consideration | and your |  |  |
| Asset | Transfer | When Transferred | Received | relation |

Response Interrogatory NO. 15: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 16**. Do you have any life interest or remainder interest, either vested or contingent, in any trust or estate, or are you a beneficiary of any trust? If so, please furnish the following information and identify all supporting documentation:

|  |  |  | Amounts |
| --- | --- | --- | --- |
| Name of Trust | Present Value | Value Of | Received |
| or Estate | Of Assets | Your Interests | from this source |

Response to Interrogatory NO. 16: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 17.** Do you own or have an interest in any Individual

Retirement Accounts, Stock Option Plans, pension or profit sharing plans, or any other savings or retirement plans other than those listed in response to previous interrogatories. If your answer is yes, state the name, address and telephone number of the custodian of all such assets and state the amount.

Response Interrogatory NO. 17: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 18.** Have you any other assets or an interest in assets, either actual or contingent, other than those listed in the previous interrogatory requests (i.e., antiques, stamp collections, boat, musical instruments, etc.)? If so, please describe the assets in detail, identify the location of the asset, and state the current fair market value of each such asset.

Response Interrogatory NO. 18: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information request, was provided the very same documents requested here by the United States. Defendant will again respond to this request if directed by the court if there is no waiver of the objection as to the others is indicated with a reservation of the right to assert that there is no universal waiver of the objections.

**INTERROGATORY NO. 19.** Have you prepared a financial statement within the last five years? If so, state:

    (a) to whom the statement was given;

    (b) the reason the statement was prepared;

    (c) the date of the statement;

    (d) the name, address and telephone number of all persons who have a copy of such

1   statement.

2   Response Interrogatory NO. 19: Without waiving the objection stated in the response, the
3   United States has had this information in their possession since 2000 and it was specifically
4   provided to the United States Attorney in 2007. Defendant, based upon a freedom of information
5   request, was provided the very same documents requested here by the United States. Defendant
6   will again respond to this request if directed by the court if there is no waiver of the objection as to
7   the others is indicated with a reservation of the right to assert that there is no universal waiver of
8   the objections.

9   **INTERROGATORY NO. 20.** Identify every legal action in which you have been a party
10  during the period in question, including, but not limited to the title of the action, the name of the
11  court, the docket number or date the action was filed, a brief description of the nature of the action,
12  and the result of the legal action (e.g. judgment against a certain amount).

13  Response Interrogatory NO. 20: Without waiving the objection stated in the response, the
14  United States has had this information in their possession since 2000 and it was specifically
15  provided to the United States Attorney in 2007. Defendant, based upon a freedom of information
16  request, was provided the very same documents requested here by the United States. Defendant
17  will again respond to this request if directed by the court if there is no waiver of the objection as to
18  the others is indicated with a reservation of the right to assert that there is no universal waiver of
19  the objections.

20  **INTERROGATORY NO. 21.** Identify every loan made to you or was outstanding from
21  you during the period in question, including, but not limited to name of the lender, date of the loan,
22  maturity dates, principal amount, rate of interest, collateral or security interest given by you, your
23  purpose in borrowing funds, and date and amount of each repayment.

24  Response Interrogatory NO. 21: Without waiving the objection stated in the response, the
25  United States has had this information in their possession since 2000 and it was specifically
26  provided to the United States Attorney in 2007. Defendant, based upon a freedom of information
27  request, was provided the very same documents requested here by the United States. Defendant
28  will again respond to this request if directed by the court if there is no waiver of the objection as to

1 the others is indicated with a reservation of the right to assert that there is no universal waiver of
2 the objections.

3     **INTERROGATORY NO. 22**. Identify all credit, debit, and/or automatic teller ("ATM")
4 cards which you use or control, regardless of whether such cards are titled in your name, during the
5 period in question, and for each such card, identify, state or describe:

6     (a) the name and address of the financial institution that issued the card (i.e. VISA,
7 MasterCard, American Express, bank, etc.);

8     (b) the account number; and

9     (c) the name(s) on the card.

10     Response to Interrogatory NO. 14: Defendant renews the objection pursuant to
11 Amendment 5 to the United States Constitution. This interrogatory confirms that the United States
12 seeks to place the defendant in jeopardy and why the claim of privilege should be sustained, this
13 interrogatory makes it clear that the United States seeks more than information locate assets to
14 satisfy a civil judgment. As noted in Andover Data Servs. V. Statistical Tabulating, 876. F.2d
15 1080, 1082 (2d. Cir. 1989), "the privilege against self-incrimination can be invoked in *any*
16 proceeding where the witness 'reasonably believes [that his testimony] could be used in a criminal
17 prosecution or could lead to other evidence that might be so used.' Kastigar v. United States, 406
18 U.S. 441, 444-445, 32 L.Ed.2d 212, 92 S.Ct. 1653 (1972). In keeping with its desire to safeguard
19 fifth amendment rights, the Supreme Court has explicitly held that a district court cannot compel a
20 witness in a civil action 'to answer deposition questions over a valid assertion of his Fifth
21 Amendment rights.' [citation omitted]."

22     Defendant acknowledges that the right not to answer potentially incriminating questions in
23 a civil or criminal proceeding is not absolute. The prohibition against compelling the testimony of
24 a witness in any setting is predicated upon there being a real danger that the testimony might be
25 used against the witness in later criminal proceedings. "As Justice Blackmun noted in his
26 concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment
27 privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a
28 criminal prosecution against the witness." Andover Data, *supra*.

As the law on the issue is clear, how it is to be applied to the facts herein is the issue. The documents requested in no way lend themselves to determining the assets which the defendant currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

The implication of the request is singular, defendant is confronted with a substantial and real hazard of incrimination. The request leads to but one conclusion, that the defendant's records will be used for the purpose of further non-civil proceedings in that the interrogatory response will not indicate assets belonging to the defendant which may be used to satisfy the judgment. *Kastinger*, *supra*. The United States could but will not offer either use or transactional immunity to the defendant. There are State statutes which regulate personal conduct as not being criminal which the United States Code does not abide, which the records requested would disclose. Defendant has not received either transactional or use immunity from all State agencies as to matters contained in the records requested, nor has the United States made such a request. Finally, the very same information implicates issues involving State statutes for which there are penal sanctions and the defendant should not be compelled to place himself in the conundrum of fearing disclosure of the information provided.

The defendant is not required to detail the basis for the objection because to do so would be to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not imaginary. The claim of privilege should therefore be sustained.

**INTERROGATORY NO. 23**. State whether you established a trust for any purpose during the period in question. If your answer is yes, state, describe or identify:

(a) the location of the trust;

(b) the name and address of the trustee, trust protector and the beneficiaries of the trust;

(c) the assets of the trust and the location of such assets;

(d) all documents that support your answer to this interrogatory.

Response Interrogatory NO. 23: Without waiving the objection stated in the response, the United States has had this information in their possession since 2000 and it was specifically provided to the United States Attorney in 2007. Defendant, based upon a freedom of information

| | |
|---|---|
| 1 | request, was provided the very same documents requested here by the United States. Defendant |
| 2 | will again respond to this request if directed by the court if there is no waiver of the objection as to |
| 3 | the others is indicated with a reservation of the right to assert that there is no universal waiver of |
| 4 | the objections. |

5        **INTERROGATORY NO. 24**. State whether you currently have a will?

6        Response to Interrogatory NO. 24: Without waiving the objection stated in the response,
7 the United States has had this information in their possession since 2000 and it was specifically
8 provided to the United States Attorney in 2007. Defendant, based upon a freedom of information
9 request, was provided the very same documents requested here by the United States. Defendant
10 will again respond to this request if directed by the court if there is no waiver of the objection as to
11 the others is indicated with a reservation of the right to assert that there is no universal waiver of
12 the objections.

13        **INTERROGATORY NO. 25.** State whether you have filed with the Internal Revenue
14 Service Federal income tax returns for the years 1999 to 2009? If your answer is affirmative, state:

15        (a) the date that each return was filed;

16        (b) the address or location of the IRS Service Center where the return was filed.

17        Response to Interrogatory NO. 25: Not only does the privilege asserted apply, but this
18 court should refuse to compel the production of the returns. Public policy disfavors disclosure of
19 tax returns, although there are exceptions. Premium Serv. Corp. v. Hutchinson, 511 F.2d 225, 229
20 (9th Cir. 1975). The public policy is based upon the fact that the federal returns are confidential
21 communications between the taxpayer and the government, 26 U.S.C. §6103 as pointed out in
22 Payne v. Howard 75 F.R.D. 465, 469-470 (D.D.C. 1977) and King v. Mobile Home Rent Review
23 Bd. (1990) 216 Cal.App.3d 1532, 1538, 265 Cal.Rptr. 624 providing confidentiality of California
24 returns. The returns are not relevant to any claim or defense. The purpose of the confidentiality is
25 to assure the best effort for the taxpayer to report income.

26        Of equal importance, in what possible way does information concerning the filing of a tax
27 return have to do with locating assets to satisfy a civil judgment. It is clear that the United States
28 may not disclose the contents of a tax return pursuant to 26 U.S.C. §6103, nor can the Internal

SUPPLEMENT TO OPPOSITION TO MOTION TO COMPEL

Revenue Service be compelled to produce tax information, <u>Follefsen v. Phillips</u>, 16 F.R.D. 348,349 (D. Mass. 1954).

Defendant renews the objection pursuant to Amendment 5 to the United States Constitution. This interrogatory further confirms that the United States seeks to place the defendant in jeopardy and why the claim of privilege should be sustained, this interrogatory makes it clear that the United States seeks more than information locate assets to satisfy a civil judgment. As noted in <u>Andover Data Servs. V. Statistical Tabulating</u>, 876. F.2d 1080, 1082 (2d. Cir. 1989), "the privilege against self-incrimination can be invoked in *any* proceeding where the witness 'reasonably believes [that his testimony] could be used in a criminal prosecution or could lead to other evidence that might be so used.' <u>Kastigar v. United States</u>, 406 U.S. 441, 444-445, 32 L.Ed.2d 212, 92 S.Ct. 1653 (1972). In keeping with its desire to safeguard fifth amendment rights, the Supreme Court has explicitly held that a district court cannot compel a witness in a civil action 'to answer deposition questions over a valid assertion of his Fifth Amendment rights.' [citation omitted]."

Defendant acknowledges that the right not to answer potentially incriminating questions in a civil or criminal proceeding is not absolute. The prohibition against compelling the testimony of a witness in any setting is predicated upon there being a real danger that the testimony might be used against the witness in later criminal proceedings. "As Justice Blackmun noted in his concurrence in *Pillsbury*, "it is black-letter law that a witness cannot assert a Fifth Amendment privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness." <u>Andover Data</u>, *supra*.

As the law on the issue is clear, how it is to be applied to the facts herein is the issue. The documents requested in no way lend themselves to determining the assets which the defendant currently owns, but rather seeks to obtain 12 years of documents which would be used in implicate the defendant, and in no way address defendant's current assets or ability to satisfy the judgment.

The implication of the request is singular, defendant is confronted with a substantial and real hazard of incrimination. The request leads to but one conclusion, that the defendant's records will be used for the purpose of further non-civil proceedings. <u>Kastinger</u>, *supra*. The United States

SUPPLEMENT TO OPPOSITION TO MOTION TO COMPEL

could but will not offer either use or transactional immunity to the defendant. There are State statutes which regulate personal conduct as not being criminal which the United States Code does not abide, which the records requested would disclose. Defendant has not received either transactional or use immunity from all State agencies as to matters contained in the records requested, nor has the United States made such a request. Finally, the very same information implicates issues involving State statutes for which there are penal sanctions and the defendant should not be compelled to place himself in the conundrum of fearing disclosure of the information provided.

The defendant is not required to detail the basis for the objection because to do so would be to compel a violation of the Fifth Amendment Constitutional Privilege. The risk is real and not imaginary. The claim of privilege should therefore be sustained.

IV

## CONCLUSION

The United States' discovery requests exceed the bounds of reasonableness herein. The United States has had the information in its possession for a majority of the requested discovery for years. As to the remainder, the requests clearly implicate discovery for an alternative purpose, whether a state or federal action. As this is now nothing more than a civil action wherein a debt has been adjudicated, discovery must be limited to identifying assets belonging to the defendant which may be used to satisfy the judgment, not a fishing expedition concerning matters not related to the satisfaction of the judgment. The objections should be sustained.

I renew my two requests of the court (1) that it order the United States Attorney to participate in mandatory settlement proceedings so at the very least, I can find out what the United States wants to settle this matter, other than my death; and (2) the court deny the motion as to the items for which objection has been made.

RESPECTFULLY SUBMITTED,

Dated: June 23, 2011

By: _David Warren_
DAVID WARREN

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 23rd day of June 2011 by depositing copies upon the parties hereto in the United States mail in a postage prepaid envelope addressed to the following:

Lauren M. Castaldi
Civil Trial Section
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

_____
David Warren