1  BENJAMIN B. WAGNER
   United States Attorney
2
   LAUREN M. CASTALDI
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Ben Franklin Station
5  Washington, D.C.  20044-0683
   Telephone:    (202) 514-9668
6  Facsimile:    (202) 307-0054
   E-mail:       lauren.m.castaldi@usdoj.gov
7                western.taxcivil@usdoj.gov

8

9           IN THE UNITED STATES DISTRICT COURT FOR THE

10                 EASTERN DISTRICT OF CALIFORNIA

11
   UNITED STATES OF AMERICA          )       Civil No. 99-814 DFL JFM
12                                    )
              Plaintiff,              )
13                                    )   UNITED STATES' RESPONSE TO
           v.                         )   DEFENDANT'S OBJECTION TO ORDER
14                                    )   BY MAGISTRATE ON UNITED STATES'
   DAVID WARREN                       )   MOTION TO COMPEL ANSWERS TO
15                                    )   POST JUDGMENT INTERROGATORIES
              Defendant.              )   AND REQUESTS FOR PRODUCTION
16                                    )
                                      )
17
           Plaintiff, the United States of America, by and through its undersigned counsel, hereby
18
   submits this response to Defendant's Objection to Order by Magistrate on United States' Motion
19
   to compel Answers to Post Judgment Interrogatories and Requests for Production ("Objection").
20
   Defendant Warren objects that the order requires Defendant Warren to respond to the United
21
   States' post-judgement discovery because (1) his Fifth Amendment privilege is implicating in
22
   responding to the discovery requests; and (2) the requested discovery has already been produced.
23
   Because Magistrate Judge Moulds' order and his rulings on these issues are not clearly
24
   erroneous or contrary to law, this Court should overrule Defendant Warren's Objection. *See* 28
25
   U.S.C.  § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rul 303.
26

27
   //
28
   //

A.    Magistrate Judge Moulds' Order Granting the United States' Motion to Compel Is Not
      Clearly Erroneous or Contrary to Law.

In his Objection, Defendant does not explain how Magistrate Judge Moulds' order is

clearly erroneous or contrary to law with respect to whether his assertion of his Fifth Amendment

privilege is proper or not.  Instead, he simply cut and paste the arguments made in his sur-reply to

the United States' Motion to Compel.  (*Compare* Dkt. #94, p. 3 *with* Dkt. #96, p. 5.)  Defendant

Warren's objection should be overruled because Magistrate Judge Moulds' Order was not clearly

erroneous or contrary to law.

Defendant Warren[1] continues to assert his Fifth Amendment privilege despite a complete

lack of a clear showing of a real and substantial danger of incrimination by the information sought

to be compelled from the one claiming the right. *See Edwards v. Comm'r*, 680 F.2d 1269, 1270

(9th Cir. 1982); *U.S. v. Schmidt*, 816 F.2d 1477, 1481 (10th Cir. 1987); *U.S. v. Reis*, 765 F.2d

1094, 1096 (11th Cir. 1985).  In his Objection, Defendant Warren offers the same responses to the

United States' Requests for Production numbers 2-7; 11; and 15, as he did in his sur-reply to the

United States' Motion to Compel, continuing to assert his Fifth Amendment privilege. Defendant

Warren also continues to assert his Fifth Amendment privilege in response to Interrogatories

numbers 2; 4; 14; 22; and 24-25.  In response to both the Request for Production and the

Interrogatories he claims that the "document requested in no way lend themselves to determining

the assets which the defendant currently owns, but rather seeks to obtain 12 years of documents

which would be used to implicate the defendant, and in no way address the defendant's current

assets or ability to satisfy the judgment."  *See* Objection, p. 5.

As correctly noted by Magistrate Judge Moulds in his Order, "the scope of post-judgment

discovery is broad." *See* Order, p. 3. The United States' inquiries permit the United States not

only to examine what assets Defendant Warren currently owns, but also assets that he may have

---

[1] Defendant Warren argues that the "Magistrate's order demonstrates the extraordinary
hurtle that an in propria persona defendant must overcome . . ." *See* Objection, p. 1.  However,
Defendant Warren fails to acknowledge that for a time he was a practicing attorney.

transferred or otherwise hidden or disposed of in light of the United States' judgment against him. Again Magistrate Judge Moulds specifically recognized that for each of the above-referenced discovery requests (except for request for Production number 7) that "nothing on the face of the requests for production and interrogatories would tend to incriminate." *See* Order, p. 7. Defendant Warren has put forth nothing that establishes that his responses would "support a conviction under a federal criminal statute or furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir. 1998). Defendant Warren's claim appears to be that because some of the information and records sought by the United States are from several years ago the information "has nothing to do with the satisfaction of the judgment." *See* Objection, P. 2. Magistrate Judge Moulds addressed this argument and determined that "the court notes that litigation in this case commenced on April 23, 1999. Thus, the time period from 1999 to the present is a reasonable time period for the scope of Rule 69 discovery." *See* Order, p. 8.

Magistrate Judge Moulds' ruling and reasoning is grounded in well established law and is not clearly erroneous. It is the person invoking the Fifth Amendment as a basis for withholding testimony and documents who bears the burden of establishing the validity of a claimed Fifth Amendment defense. *See United States v. Brown*, 918 F.2d 82, 84 (9th Cir. 1990); *see also United States v. Allmon*, 594 F.3d 981, 985-86 (8th Cir. 2010). A taxpayer's mere assertion of the right based on a belief that the testimony may be incriminatory is not enough. *See U.S. v. Edgerton*, 734 F.2d 913, 919 (2d Cir. 1984); *U.S. v. Meeks*, 719 F.2d 809, 812 (5th Cir. 1983). "A proper assertion of a Fifth Amendment privilege requires, at a minimum, a good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim." *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th 1981). To properly invoke the Fifth Amendment, a witness must "show that [his] testimony would support a conviction under a federal criminal statute or furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime" in order to properly assert the privilege. *Vavages*, 151 F.3d at 1192. Defendant Warren's only basis for his Fifth Amendment claim is his perception the span of time that the United States' discovery responses cover is too long. Magistrate Judge addressed this

1  argument and Defendant Warren has offered no other arguments that meets his burden of

2  establishing the validity of his claim. Thus, Magistrate Judge Moulds' ruling on this issue was not

3  contrary to any law and is not clearly erroneous.

4  B.        Magistrate Judge Moulds' Order Did Not Address Defendant Warren's Claim the United
           States is in Possession of Some of the Materials Requested in its Discovery Requests.

5

6         Defendant Warren claims that the United States is already in possession of the responses

7  to United States' Requests for Production numbers 1; 7-10; 13; and 18-20 as well as the responses

8  to Interrogatories numbers 1; 3; 5-13; 15-21; and 23-24.  Specifically Defendant Warren claims

9  that "the United States has had this information in their possession since 2000 and it was

10  specifically provided to the United States Attorney in 2007." *See* Objection, p. 4.

11        Defendant Warren did not raise this objection in his initial responses to the United States'

12  discovery requests.  *See* Docket entry # 91.  Instead Defendant Warren asserted his Fifth

13  Amendment privilege in response to each and every discovery request.  *See id.*  It was not until

14  *after* oral argument in his sur-reply that Defendant Warren raised these new objections to the

15  Untied States' discovery requests.  Magistrate Judge Moulds' Order stated that "[f]ollowing the

16  June 2, 2011 hearing on this matter, defendant filed a supplemental opposition to plaintiff's

17  motion to compel. Defendant opposes the requests for production and interrogatories on multiple

18  grounds, including pursuant to the Fifth Amendment. However, because plaintiff's motion to

19  compel challenges only defendant's objection to discovery on Fifth Amendment grounds, the

20  court will consider that objection only." *See* Order, p. 2.

21        To the extent that Defendant Warren still asserts that his Fifth Amendment privilege

22  protects him from responding to all of the United States' discovery requests, including those for

23  which he claims the United States is already in possession of the responses, for the same

24  reasons as asserted above in Section A, this defense has no merit as has already been decided by

25  Magistrate Judge Moulds.[2]

26

27        [2] Defendant Warren's responses state that "Defendant will again respond to this request if
directed by the court that there is no waiver of the objection as to the others is indicated with a
28  reservation f the right to assets that there is no universal waiver of the objections." *See*

-4-

To the extent that Defendant Warren objects to Magistrate Judge Moulds' order because it does not consider his claim that the United States may already be in possession of some of the requested information (which his objection does not appear to state), this claim is also without merit.  Defendant Warren's new basis for not responding to the United States' discovery requests was properly not considered by the Court for several reasons.  First, Defendant Warren did not timely raise his objections as required by the Federal Rules of Civil Procedure.  Defendant Warren's only response to the United States' discovery requests was that he was not responding based on his Fifth Amendment privilege.  Fed. R. Civ. P. 33(b)(4) requires that objections to interrogatories timely raised otherwise they are waived.  Fed. R. Civ. P. 34 has been similarly interpreted to read that if objections are not timely raised, they are waived.  *See Sweeney v. UNLV Research Foundation*, 2010 WL 1756875, * 2-3 (D. Nev. 2010).  Moreover, Defendant Warren has not shown good cause why he failed to raise this objection sooner. *See id*., at * 3.

Further, the Court only granted Defendant Warren leave to file a response to the United States' arguments regarding his assertion of the Fifth Amendment.  His new objection goes beyond the scope of the surreply contemplated by the Court and was properly not considered. *See Price v. Cunningham*, 2011 WL 864677, n.1 (E.D. Cal 2011).

In addition, Defendant Warren raised his new objection in his surreply, which occurred after the parties had oral argument on the motion to compel. The United States had no opportunity to respond to Defendant Warren's new objection, and it would have been unfair for the Court to consider this late objection without hearing from the United States.  Accordingly, Magistrate Judge Moulds did not commit clear error by not considering Defendant Warren's newly raised objections. *See Adlao v. JP Morgan Cahse & Co.*, 2011 WL 864929, *5 (N.D. Cal 2011).

As for the merits of Defendant Warren's claim, his statement that "the United States has

---

Objection, p. 4.  Based on his written responses to the United States' discovery requests, the only possible objection that the United States is aware of is Defendant Warren's assertion of his Fifth Amendment privilege.

had this information in their possession since 2000 and it was specifically provided to the

United States Attorney in 2007," is misleading.  A review of the litigation files in this matter

reflect that in 2000, Defendant Warren responded to collection discovery requests from the

United States by providing a Form 433 Statement of Financial Condition and Other Information

("Form 433"), along with a few individual attachments. The Form 433 is self-reported and not

signed. Moreover, the information is no longer current as the Form 433 was filled out in 2000.

In addition, there are only six documents attached to the Form 433, half of which are pleadings

from Defendant Warren's bankruptcy and one is a medical statement regarding Defendant

Warren's back injury (but not a bill).  This information is not sufficient to respond to the United

States discovery requests in that there is very little source documentation provided, the

information is out of date, and entire categories are not addressed. As for the information

Defendant Warren claims was produced in 2007, the United States is unclear what documents

were produced or to what "United States Attorney" Defendant Warren sent any material.[3]

Defendant Warren has not identified any specific documents so that the United States can verify

what information it may already have in its possession. *See generally, Williams v. Woodford*,

2010 WL 4530160, *3 (E.D.Cal. 2010).

Finally, Defendant Warren states that he is willing to produce the requested documents

and respond to the United States' interrogatories, suggesting that at least with respect to these

requests, Defendant Warren does not object to Magistrate Judge Moulds' Order.

**CONCLUSION**

WHEREFORE, the United States respectfully requests that this Court overrule Defendant

Warren's objection to Magistrate Moulds' order grating the United States' motion to compel.

*See* Docket entry # 95.  Defendant Warren should be required to respond to all of the United

States' Interrogatories and Requests for Production. The United States respectfully requests any

---

[3] In March 2008 Defendant Warren provided another Form 433 to the United States that
is signed but not dated.  While some of the attached documentation to the 2008 Form 433 may be
responsive to the United States requests, again the answers are incomplete responses to the
United States' detailed discovery requests, which are more extensive than the information
requested on the Form 433.

1   other relief to which it may be entitled.

2   DATED this 22nd day of August, 2011.

3                                           Respectively submitted,

4

5                                           BENJAMIN B. WAGNER
                                            United States Attorney
6

7
                                             /s/ Lauren M. Castaldi
8                                           LAUREN M. CASTALDI
                                            Trial Attorney, Tax Division
9                                           U.S. Department of Justice
                                            Post Office Box 683
10                                          Ben Franklin Station
                                            Washington, D.C.  20044
11                                          Telephone: (202) 514-9668

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

**CERTIFICATE OF SERVICE**

1

2      IT IS HEREBY CERTIFIED that service of the foregoing has been made this 22nd day of

3   August, 2011, by depositing copies upon the parties hereto in the United States mail in a postage

4   prepaid envelope addressed to the following:

5

6   David Warren
    7000 San Felipe Ct.
7   Citrus Heights, CA 95621

8

9

10

11                                      /s/ Lauren M. Castaldi
                                        LAUREN M. CASTALDI
12                                      Trial Attorney, Tax Division
                                        U.S. Department of Justice

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28