IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                            No. CIV 2:99-cv-814-JAM-JFM

    vs.

DAVID WARREN,

    Defendant.                        ORDER

_____/

        On July 28, 2011, the undersigned granted plaintiff's motion to compel post-judgment discovery and ordered defendant to supplement his responses to plaintiff's discovery requests within thirty days of the date of the order. On August 12, 2011, defendant filed objections to the order, which the court construes as a motion for reconsideration. On August 22, 2011, plaintiff filed a response.

        A basic principle of federal practice is that courts generally refuse to reopen decided matters. Magnesystems, Inc. v. Nikken, 933 F. Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new

1

theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. at 1131.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). There may be other highly unusual circumstances warranting reconsideration. Id. at 1263. Denial of reconsideration is reviewed for abuse of discretion. Id. at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Publisher's Resource, Inc. v. Walker Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985) (quoting Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (italics in original)); see Novato Fire Protection Dist. v. United States, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), cert. denied, 529 U.S. 1129 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." See Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Under this court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts

or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

With these standards in mind, the court turns to defendant's objections to the July 28, 2011 order.  Review of the objections convinces the court that defendant is merely attempting to relitigate the motion to compel using arguments first presented in his May 16, 2011 opposition, defendant has not shown that the court's July 28, 2011 order is clearly erroneous or manifestly unjust, and defendant fails to show that there has been an intervening change in controlling law that warrants reconsideration.

Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion for reconsideration is denied.

DATED: November 9, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;usa0814.recons